UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDY ANN SHAW, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-17-267 |
| § | |
| UNITED AIRLINES, INC. and § | |
| AIR SERV CORPORATION, § | |
| § | |
| *Defendants*. § | |

# ORDER

Pending before the court are (1) defendants United Airlines, Inc. and Air Serv Corporation's ("Defendants") motion to strike plaintiff Judy Ann Shaw's disclosure of expert witnesses and to limit testimony of Shaw's expert witnesses (Dkt. 28); and (2) Shaw's motion for leave to take depositions by written questions of her treating medical providers (Dkt. 34). Having considered the motions, responses, evidence, and applicable law, the court is of the opinion that (1) Defendants' motion to strike (Dkt. 28) should be DENIED; and (2) Shaw's motion for leave to take depositions by written questions of her treating medical providers (Dkt. 34) should be DENIED.

## I. MOTION TO STRIKE PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES

A witness "retained or specially employed to provide expert testimony" must produce a written report. Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, the disclosure must state (1) "the subject matter on which the witness is expected to present under Federal Rule of Evidence 702, 703, or 705" and (2) a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). A treating physician may be designated as an expert without having to provide a written report under Rule 26(a)(2)(B). *See* Fed.

R. Civ. P. 26(a)(2) (Advisory Committee Note, 1993 amendments); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). In Shaw's disclosure of expert witnesses, Shaw designated her treating physicians as testifying experts and as such, Shaw's experts were not required to produce written reports. Dkt. 20. Because Shaw's experts were not required to provide written reports and her disclosure properly complied with the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) and this court's January 31, 2018 order, Defendants' motion to strike is DENIED.

## II. MOTION FOR LEAVE TO TAKE DEPOSITIONS BY WRITTEN QUESTIONS OF SHAW'S TREATING MEDICAL PROVIDERS

Under the court's scheduling order, discovery on this matter ended on April 6, 2018. Dkt. 19. Because Shaw is seeking leave to take depositions by written questions of her treating medical providers, the court treats the motion for leave as a motion to amend the scheduling order. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). The "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). To show "good cause," a district court considers the following four factors: (1) the explanation for the delay; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La.*

*Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Shaw has failed to show "good cause" and thus, the motion for leave is DENIED.[1]

### III. CONCLUSION

Defendants' motion to strike (Dkt. 28) is DENIED, and Shaw's motion for leave to take depositions by written questions of her treating medical providers (Dkt. 34) is DENIED.

Signed at Houston, Texas on August 30, 2018.

Gray H. Miller
United States District Judge

---

[1] Shaw failed to cite any law or provide reasons for needing relief other than the fact that Defendants filed additional dispositive motions.