UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUDY ANN SHAW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-267 |
| | § | |
| UNITED AIRLINES, INC. and | § | |
| AIR SERV CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Judy Shaw's motion to exclude the testimony of Richard V. Baratta, Ph.D., P.E., and Richard K. Simpson Jr., M.D., Ph.D., F.A.C.S., who have both been retained as testifying experts by defendants United Airlines, Inc. and Air Serv Corporation ("collectively, Defendants"). Dkt. 26. Having considered the motion, response, applicable law, and the evidence, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

This is a personal injury case. Shaw alleges that she sustained injuries when she was struck by a passenger cart while traveling between gates on a passenger cart at George Bush Intercontinental Airport in Houston, Texas. Dkt. 1-4. The instant motion relates to whether the court should exclude the expert testimony of Baratta, a professional engineer, and Simpson, a neurosurgeon. Dkt. 26. Shaw objects to the testimony of both Baratta and Simpson arguing that they are both unqualified and their testimony is unreliable. Dkt. 26. Defendants have responded. Dkt. 31.

## II. LEGAL STANDARD

The Supreme Court of the United States acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony. 509 U.S. 579, 597–98, 113 S. Ct. 2786 (1993). The party offering expert testimony has the burden to prove by a preponderance of the evidence that the proffered testimony satisfies the admissibility requirements of Federal Rule of Evidence 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592–93; *Moore*, 151 F.3d at 276. "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

### III. ANALYSIS

**A.      Baratta**

**1.      Qualifications**

Shaw argues that Baratta's report offers conclusions "regarding lack of bruising, the cause of her injuries and the accelerated degeneration of her spine" which "relate to some form of medical causation." Dkt. 26-1 at 4. Because Baratta is a professional engineer, not a medical doctor, Shaw argues that Baratta is not qualified to offer opinions regarding medical causation and such conclusions should be excluded. *Id.* Shaw points to *Layssard v. United States*, where Baratta's qualifications to provide testimony on medical causation were challenged and the court held that Baratta was precluded from testifying as to medical causation and "limited his testimony to the

3

forces involved in the collision and whether or not these would generally lead to injury." No. CIV.A. 06-0352, 2017 WL 4144936, at *7–8 (W.D. La. Nov. 20, 2007).

Defendants contend that Baratta's educational degrees and experience in the field of biomechanics establish him as an expert regarding biomechanics, injury consistency, and accident reconstruction. Dkt. 31 at 4. Further, Defendants counter that, unlike in *Layssard*, Baratta is testifying about biomechanics and not medical causation. Dkt. 31 at 5.

Additionally, Defendants contend that the present case is like *McClure v. Greater San Antonio Transp. Co.*, No. SA-08-CA-112-FB, 2008 WL 11335001 (W.D. Tex. Oct. 3, 2008) (slip copy). The court agrees. In *McClure*, the plaintiffs challenged a biomechanics expert's qualifications "to render medical causation opinions." *Id.* at *6. The *McClure* court denied the challenge to exclude the expert's testimony and held that the expert was qualified to testify on the biomechanics of the accident at issue. *Id.* Additionally, the *McClure* court provided that "[t]o the extent that [the expert]'s testimony might be construed to address medical causation and medical issues, which he is not qualified to provide, objections can be raised at the time the testimony is offered." *Id.* at *7.

The court has reviewed Baratta's curriculum vitae and finds that Baratta is qualified to testify as a biomechanics expert but not to any issues of medical causation. *See* Dkt. 22-1 at 69–71. Further, the court has reviewed Baratta's conclusions in his expert report and finds that they are within his realm of expertise in biomechanics.[1] *See* Dkt. 22-1 at 4. Shaw is free to object at the time

---

[1] For example, Shaw objects to Baratta's alleged conclusion that "Ms. Shaw should have had bruising if the incident that is the basis of this lawsuit occurred as she describes." Dkt.26 at 1. However, in Baratta's expert report, Baratta concludes that "Ms. Shaw indicated that she (her body) was struck by the other unidentified cart, and she fell on the ground. Had there been sufficient direct interaction with the other vehicle to cause her to move, it is likely that she would

of testimony if Baratta's testimony addresses medical issues which he is not qualified to provide.

### 2. Reliability

Shaw also argues that the entirety of Baratta's expert testimony should be excluded because it is unreliable for three reasons: (1) Baratta only inspected one cart; (2) Baratta's measurements are inadequate; and (3) Baratta's findings are overly general and conclusory. Dkt. 26-1 at 10.

Shaw's first argument is that Baratta's testimony relies upon the inspection and photographs of only one cart. Dkt. 26-1 at 9. At the time of the incident, United operated two different passenger carts, but Baratta only inspected one. *Id.* at 10. Further, the cart pictured in the photographs relied upon by Baratta is "not of either of the carts actually involved in the crash." *Id.* at 9. Shaw's second and third arguments are that Baratta uses inadequate cart measurements and that Baratta's opinions are conclusory and lack analysis of facts and data. Dkt. 26-1 at 10. The court finds that all three contentions go to the weight of the evidence, not its admissibility. Shaw may address methodology on cross examination. *See Daubert*, 509 U.S. at 595 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The court finds Baratta's methodology is sufficient to render his opinions reliable.

## B. Simpson

### 1. Qualifications

In his report, Simpson describes Shaw as "an angry, unhappy, litigious woman." Dkt. 22-2 at 3. Shaw argues that the quoted portion of Simpson's opinion should be excluded because he is

---

have had bruising in the area of contact. She testified that she had no bruising." Dkt. 22-1 at 4. The court finds that this conclusion is within Baratta's realm of expertise as a biomechanics expert.

not qualified to provide such testimony since he is a neurosurgeon with "no specialized knowledge related to mental health or legal expertise". Dkt. 26-1 at 11. Shaw also argues that any opinions regarding Shaw's emotional state, reasons for bringing the lawsuit, or whether she has a litigious nature should be excluded. Dkt. 26 at 2.

Defendants counter that Simpson is qualified to describe Shaw's emotional state because he has reviewed Shaw's deposition testimony and medical records and has twenty-eight years of experience treating patients for chronic pain. Dkt. 31. Defendants retained Simpson as the designated medical expert to provide opinions regarding medical causation. Dkt. 22. The court finds that the quoted portion is not within Simpson's realm of expertise. Accordingly, the quoted portion of his opinion is excluded. Again, Shaw is free to object at the time of testimony if Simpson addresses issues which he is not qualified to provide.

2. **Reliability**

Shaw also argues that the entirety of Simpson's testimony should be excluded because it is unreliable and "he refuses to acknowledge or address the existence of facts and evidence that contradict his opinions." Dkt. 26-1 at 11. The court finds that Simpson's opinions are based on sufficient facts and are reliable. Again, the court finds that this contention goes to the weight of the evidence, not its admissibility.

In sum, all of these contentions are issues that can be dealt with during cross examination and are not sufficient reasons to completely exclude Simpson's testimony.

## IV. CONCLUSION

Shaw's motion to exclude Baratta and Simpson's testimony is GRANTED IN PART and DENIED IN PART. It is GRANTED in that Simpson's quoted testimony is excluded. It is otherwise DENIED.

Signed at Houston, Texas on September 13, 2018.

_____
Gray H. Miller
United States District Judge